UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JASON WILEY** | **CIVIL ACTION** |
| **VERSUS** | **NO: 05-3960** |
| **TRANSOCEAN OFFSHORE DEEPWATER DRILLING INC. AND TRANSOCEAN OFFSHORE USA INC.** | **SECTION: "S" (2)** |

### ORDER

Transocean Offshore Deepwater Drilling, Inc. and Transocean Offshore USA, Inc. request review of the magistrate judge's orders of November 7, 2007, and November 30, 2007.

**IT IS HEREBY ORDERED** that the order of the magistrate judge denying the defendants' motion for a protective order and requiring the defendants to pay $450 for attorney's fees is **AFFIRMED**.

### BACKGROUND ND DISCUSSION

Jason Wiley seeks to depose Walter Cabucio and Mike Holmes, two Transocean employees, regarding changes in the defendants' safety manual and the reasoning behind the removal of the prohibition against "working atop tubular pipes or casing." The magistrate judge denied the defendants' motion for a protective order, stating that "[t]heir depositions are the best

way to establish what they know or do not know in this area." See document #124.

The defendants argue that the factual allegations of the plaintiff in opposition to the motion for a protective order are not supported by the record. Specifically, they contend that the plaintiff does not identify any source for the allegation that a prohibition against "working atop casing or other tubulars" was ever removed from the safety manual or that Cabucio and Holmes had a role in the alleged removal.

An order issued by a magistrate judge concerning nondispositive pretrial matters is reviewed by the district court under the clearly erroneous standard. See Perales v. Casillas, 950 F.2d 1066, 1070 (5th Cir. 1992); 28 U.S.C. § 636(b)(1)(A). Federal Rule of Civil Procedure 26(b)(1) permits discovery if the plaintiff can establish that the information sought is relevant to the claim or defense of any party.

Wiley alleges that his accident took place while he was working on top of tubulars stacked and bundled in a pipe bay. Information concerning the absence of a prohibition against "walking across tubulars" in the appropriate safety manual and the revisions made to the manual is relevant to the claim in this case. Further, the manual indicates that Holmes prepared the revisions and Cabucio reviewed them. Accordingly, the decision of the magistrate judge to permit the depositions of Holmes and Cabucio to proceed is not clearly erroneous, and it is affirmed.

New Orleans, Louisiana, this  30th  day of January, 2008.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**

2